United States District Court
Southern District of Texas

**ENTERED**

July 12, 2023

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JIMMY LEE GUEVARA (BOP # 60072479) | § § § § | CIVIL ACTION NO. 5:20-CV-00111 |
| VS. | § § | CRIMINAL NO. 5:18-CR-628-1 |
| UNITED STATES OF AMERICA | § § § | |

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion for This Court's Acknowledgement that Petitioner Qualifies for the First Step Act Incentives.  (Dkt. No. 15.)  The Court recommends that Petitioner's Motion be denied.

Petitioner Jimmy Lee Guevara (BOP #60072479), is currently incarcerated in the United States Penitentiary, Big Sandy in Inez, Kentucky[1] as the result of a conviction and sentence imposed in this district as to one count of knowingly possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Dkt. Nos. 13, 15; Cr. Dkt. 1.)[2]

Petitioner was charged in August 2018, he pled guilty to the charge on October 4, 2018, and was sentenced on December 7, 2018.  (Dkt. No. 13 at 1, citing to Cr. Dkts. 1, 40, 5:18-CR-

---

[1]     This is the most recent address listed for the petitioner on the docket sheet.  A search of the petitioner's Federal Bureau of Prisons (BOP) register number at the BOP's inmate locator, https://www.bop.gov/inmateloc/, brings up a facility in Beaumont, Texas, which is located in the Eastern District of Texas.  *See* 28 U.S.C. § 124(c)(2). If the petitioner has changed addresses, the petitioner should file a notice of change of address with the Court, as he has done in the past.  (*See, e.g.*, Dkt. No. 12.)

[2]     "Dkt." is a citation to Civil Action No. 5:20-CV-111. "Cr. Dkt." is a citation to Petitioner's underlying criminal case: Crim. Action No. 5:18-CR-628-1.

628-1, Minute Entry for Oct. 4, 2018.)  In April 2022, Petitioner was denied relief under 28 U.S.C. § 2255 based on a *Rehaif* claim.  (Dkt. No. 13.)  After declining to appeal his conviction, Petitioner had moved to vacate his conviction under § 2255, asserting that the Supreme Court's decision in *Rehaif v. United States* required his conviction be vacated because the Court failed to advise him of the statute's knowledge element.  (Dkt. Nos. 1, 13 at 1; Cr. Dkts. 42, 43.)  The Court found that Petitioner's Motion was procedurally defaulted:

> Petitioner waived his right to appeal, and he has not shown "cause" justifying his failure to bring these claims before the Fifth Circuit. But even if Petitioner could satisfy the "cause" standard, he has failed to allege prejudice. By themselves, those deficiencies are fatal to Petitioner's current challenge. Yet, even in their absence, the record suggests that Petitioner knew he was a felon when he possessed the semi-automatic assault rifle on June 7, 2018.

(Dkt. No. 13 at 7–8.)

Petitioner now moves the Court to reduce his sentence under the First Step Act (FSA), Pub. L. No. 115- 391 (2018).  (Dkt. No. 15.)  He has filed a nearly identical Motion in his criminal case, arguing in both that he qualifies for a sentence reduction under the FSA for his § 922(g)(1) conviction because the FSA now applies retroactively.  (*Id.*; Cr. Dkt. 61.)  Construed liberally, Petitioner's Motion (Dkt. No. 15) appears to be a Motion for Reduced Sentence under 18 U.S.C. § 3582(c)(1)(A)(i).[3]

Once a court imposes a sentence, its judgment is generally final with a few narrow exceptions.  *Freeman v. United States*, 564 U.S. 522, 526 (2011); *see also* § 3582(b).  "The [FSA] provides such an exception to the general rule against modifications to sentences."  *United States v. Smith*, 2021 WL 1201660, at *1 (E.D. Tenn. 2021).  The FSA amended § 3582(c)(1)(A), the compassionate release exception, to allow a defendant to move for reduction of sentence.[4]  *United*

---

[3]   "A document filed *pro se* is 'to be liberally construed.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (citing FED. R. CIV. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.")).

[4]   Prior, only the Bureau of Prisons could move for a reduction of sentence under this provision.

*States v. Cantu*, 423 F.Supp.3d 345, 347 (S.D. Tex. 2019).  Such a defendant can now seek to modify his sentence for "extraordinary and compelling reasons," if he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Durham*, No. 4:94-CR-00044-MR-10, 2023 WL 3671820, at *2 (W.D.N.C. May 25, 2023) (citing § 3582(c)(1)(A)).  The comments to the Sentencing Guidelines lay out examples of extraordinary and compelling reasons, but the court may look outside the comments.  § 3582(c)(1)(A); U.S.S.G. § 1B1.13 cmt. n.1(A)–(C).  "A defendant is eligible for a sentence reduction under the [FSA] if: (1) he committed a 'covered offense'; (2) his sentence was not previously imposed or reduced pursuant to the [FSA]; and (3) he did not previously file a motion under the [FSA] that was denied on the merits." *United States v. Ramirez*, 834 F. App'x 904, 906 (5th Cir. 2020) (cleaned up).

Petitioner is not entitled to a sentence reduction as his 18 U.S.C. 922(g) firearm conviction is not a covered offense under the FSA and he has provided no "extraordinary" or "compelling" reasons for his release.[5]

> [T]he Defendant argues that his § 922(g) sentences should be reduced pursuant to the [FSA] . . . . Section 404(a) of the Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the [FSA] of 2010 ..., that was committed before August 3, 2010." Sections 2 and 3 of the [FSA] of 2010 increased the quantity of cocaine base required to trigger the enhanced penalties of 21 U.S.C. § 841 and eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Here, the Defendant's firearm offenses are not "covered offenses" under the Act. Accordingly, the [FSA] provides him no basis for relief with respect to his § 922(g) convictions.

---

[5] Petitioner has also failed to show any attempts at exhausting administrative remedies.  The Court could have enforced the administrative exhaustion requirement, but because Petitioner's offense is not covered under FSA, even if Petitioner had exhausted all administrative remedies, he still would not qualify for a sentence reduction.

3

*Durham*, 2023 WL 3671820, at \*4; *see, e.g.*, *United States v. Atkinson*, No. 19-1678, 2019 WL 11705979, at \*2 (6th Cir. Dec. 17, 2019) (finding that because § 922(g) was not modified by the FSA, the district court did not "impose[] a sentence" for a "covered offense" under the FSA, making the defendant "not eligible for a sentence reduction under the Act."); *Ramirez*, 834 F. App'x at 907; *United States v. Declouet*, No. CR 07-198, 2020 WL 708137, at \*1 (E.D. La. Feb. 12, 2020) (finding §§ 922(g)(1) and 924(a)(2) are not covered under the FSA).

Moreover, Petitioner was sentenced on December 7, 2018, and the FSA was signed into law on Dec. 21, 2018.  Therefore, the FSA may not apply to Petitioner at all.  *Atkinson*, 2019 WL 11705979, at \*2 ("Although 'the First Step Act is largely forward-looking,' *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019), section 404 made retroactive some provisions of the [FSA] . . . section 404 provides that, '[a] court that imposed a sentence for a covered offense may ... impose a reduced sentence as if sections 2 and 3 of the [FSA] were in effect at the time the covered offense was committed' . . . [a] 'covered offense' is 'a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the [FSA] ... that was committed before August 3, 2010.'")  Because the FSA only grants the Court "limited authority to consider reducing a sentence previously imposed," and because its provisions do not apply, Petitioner does not qualify for a reduction.  *Declouet*, 2020 WL 708137, at \*2 (cleaned up).

The Court therefore **RECOMMENDS** that Petitioner's Motion (Dkt. No. 15) be **DENIED**.

The Court **DIRECTS** the Clerk of Court to send a copy of this Report and Recommendation to Plaintiff via any receipted means.


IT IS SO RECOMMENDED.

SIGNED this July 12, 2023.

Diana Song Quiroga
United States Magistrate Judge

## **Warnings**

The parties may file objections to this Report and Recommendation, unless they waive the right to do so.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after being served with a copy of the Report—or the party's waiver of the right to do so—shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).